IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Jason Bulsa, a/k/a Jason David Bulsa, ) <br> ) <br> Petitioner, ) <br> ) <br> vs. ) <br> ) <br> ) <br> State of South Carolina, ) <br> ) <br> Respondent. ) <br> ) | Civil Action No. 8:07-0816-RBH-BHH <br><br> **REPORT AND RECOMMENDATION** <br> **OF MAGISTRATE JUDGE** |

The petitioner, proceeding *pro se*, seeks habeas corpus relief pursuant to Title 28, United States Code, Section 2254. The respondent has filed a return and motion for summary judgment seeking dismissal of the petition.

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Rule 73.02(B)(2)(c), D.S.C., this Magistrate Judge is authorized to review post trial petitions for relief and submit findings and recommendations to the District Court.

## APPLICABLE LAW

### Liberal Construction of *Pro Se* Complaint

The petitioner brought this action *pro se*. This fact requires that his pleadings be accorded liberal construction. *Estelle v. Gamble*, 429 U.S.97 (1976); *Haines v. Kerner*, 404 U.S. 519 (1972); *Loe v. Armistead*, 582 F.2d 1291 (4th Cir.1978); *Gordon v. Leeke*, 574 F.2d 1147 (4th 1978). *Pro se* pleadings are held to a less stringent standard than those drafted by attorneys. *Hughes v. Rowe*, 449 U.S. 5 (1980) (per curiam). Even under this less stringent standard, however, the *pro se* petition is still subject to summary dismissal. The mandated liberal construction means only that if the court can reasonably read the

pleadings to state a valid claim on which the petitioner could prevail, it should do so. *Barnett v. Hargett*, 174 F.3d 1128 (10th Cir.1999). A court may not construct the petitioner's legal arguments for him. *Small v. Endicott*, 998 F.2d 411 (7th Cir.1993). Nor should a court "conjure up questions never squarely presented." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir.1985).

### SUMMARY JUDGMENT STANDARD OF REVIEW

The requirement of liberal construction does not mean that the court can assume the existence of a genuine issue of material fact where none exists. If none can be shown, the motion should be granted. *See* Fed. R. Civ. P. 56(c). The party seeking summary judgment shoulders the initial burden of demonstrating to the court that there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the movant has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings. Rather, the non-moving party must demonstrate that specific, material facts exist which give rise to a genuine issue. *Id.* at 324. Under this standard, the existence of a mere scintilla of evidence in support of the petitioner's position is insufficient to withstand the summary judgment motion. *Anderson*, 477 U.S. at 252. Likewise, conclusory allegations or denials, without more, are insufficient to preclude the granting of the summary judgment motion. *Ross v. Communications Satellite Corp.*, 759 F.2d 355, 365 (4th Cir. 1985).

### HABEAS STANDARD OF REVIEW

Since the petitioner filed his petition after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), review of his claims is governed by 28 U.S.C. § 2254(d), as amended. *Lindh v. Murphy*, 521 U.S. 320 (1997); *Breard v. Pruett*, 134 F.3d 615 (4th Cir.1998). Under the AEDPA, federal courts may not grant habeas corpus relief unless the underlying state adjudication:

> 1. resulted in a decision that was contrary to, or involved an unreasonable application of clearly established federal law, as determined by the Supreme Court of the United States; or
>
> 2. resulted in a decision that was based on an unreasonable application of the facts in light of the evidence presented at the state court proceeding.

28 U.S.C. § 2254(d)(1)(2).

Federal habeas corpus relief may not be granted unless the relevant state-court adjudication "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings." 28 U.S.C.. § 2254(d); *Williams v. Taylor*, 529 U.S. 362, 398 (2000) (plurality opinion). "[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Id*. at 410.

## DISCUSSION

In his sole ground for relief, the petitioner states the following claim:

> **GROUND ONE:** Appellant had no representation at any hearings [;] 4 video security cameras proves appellant's innocence - none were viewed. Protective order was replaced by mutual restraining order several months earlier. Months before arrest. - False charges.

(Habeas Pet. at 6.)

The respondent argues that the habeas petition must be dismissed because the petitioner is not now, nor has he ever been, in custody as a result of his state conviction. Specifically, the petitioner was convicted of violating an order of protection issued under the Protection from Domestic Abuse Act. (Def. Mem. Supp. Summ. J. Attach. 1, Magistrate Court Tr. at 50.) The petitioner was sentenced to thirty (30) days, suspended upon

payment of six hundred and forty-seven dollars and fifty cents ($647.50), which was, in fact, paid in full at sentencing. (Magistrate Court Tr. at 58.)  The petitioner does not refute these facts.

Further, in his response to summary judgment, the petitioner has made no response whatsoever to the allegation that he has never been in custody as a result of his conviction. He has neither submitted any evidence to that end nor even alleged as much.  His opposition brief is entirely non-responsive as to the respondent's contention that the petitioner is not "in custody" for purposes of filing a habeas petition.

As the respondent contends, "custody" is a jurisdictional prerequisite to a habeas action.  See 28 U.S.C. § 2254(a).   "The federal habeas statute gives the United States district courts jurisdiction to entertain petitions for habeas relief only from persons who are ' in custody in violation of the Constitution or laws or treaties of the United States.'" *Maleng v. Cook*, 490 U.S. 488, 490 (1989).  The United States Supreme Court has "interpreted the statutory language as requiring that the habeas petitioner be 'in custody' under the conviction or sentence under attack at the time his petition is filed." *Id*. at 490-91.  While the prisoner need not be physically confined, to wit, conditional parole, the United States Supreme Court has "never held . . . that a habeas petitioner may be 'in custody' under a conviction when the sentence imposed for that conviction has *fully expired* at the time his petition is filed."  *Id*. at 491 (emphasis in original). Moreover, the potential use of a conviction to enhance a sentence for subsequent offenses does not suffice to render a person "in custody" within the meaning of the habeas statute.  *Id*. at 492.

Critical to this case, "a fine-only conviction is not enough of a restraint on liberty to constitute 'custody' within the meaning of the habeas corpus statutes, 28 U.S.C. §§ 2254 and 2255." *Obado v. New Jersey*, 328 F.3d 716, 717-18 (3rd Cir. 2003); *see also Barnickel v. United States*, 113 F.3d 704, 706 (7th Cir.1997); *Tinder v. Paula*, 725 F.2d 801, 804 (1st Cir.1984).  In *Obado*, the petitioner was actually making ongoing restitutionary payments,

4

and yet the Third Circuit rejected that he was "in custody."  See Obado, 328 F.3d at 718. In this present case, the petitioner made a one-time payment and never served any jail time.  He does not allege any continuing financial obligation or other restriction on his liberty.  As stated, he makes no rejoinder to this argument at all or otherwise claim to be in custody.  The Court would further note that the petitioner's mailing address, supplied to the Court, is not a correctional facility but rather: 764 N. Church St., Apt. 1201, Spartanburg, SC 29303.

Accordingly, the petition should be dismissed.

In addition, the Court has reviewed the evidence of the respondent concerning the merits of the petitioner's case, which suggests that no genuine issues of fact exist for trial. (Mem. Supp. Summ. J. at 10-13.)  In response, the petitioner has failed to meet his burden under Rule 56 of the Federal Rules of Civil Procedure in any respect.   (See Fed. R. Civ. P. 56(e).) He may not rest on allegation alone, as he has done, but must produce affidavits or other evidence which demonstrates that there are genuine issues of dispute suitable for trial.  Id.  The petitioner's memorandum in response to summary judgment is simply a recitation of unsupported allegations and questions.  This showing is insufficient to survive summary judgment.

## **CONCLUSION AND RECOMMENDATION**

Wherefore, based upon the foregoing, it is recommended that the respondent's motion for summary judgment be GRANTED [Doc. 9].

                s/Bruce H. Hendricks
                United States Magistrate Judge


November 16, 2007
Greenville, South Carolina


**The plaintiff's attention is directed to the important notice on the next page.**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> P.O. Box 10768
> Greenville, South Carolina 29603

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).